# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA YOUTH CONSERVATION
CORPS., INC.,

      Plaintiff,

v.                                                CASE NO. 4:06cv275-RH/WCS

DENVER STUTLER, JR., etc.,

      Defendant.

_____/

## **PRELIMINARY INJUNCTION**

This is an action by a state contractor for declaratory and injunctive relief prohibiting the appropriate state official from taking action pursuant to two allegedly unconstitutional provisions adopted by the state legislature. Plaintiff has moved for a preliminary injunction. Following an evidentiary hearing, I conclude (1) that plaintiff has established a likelihood of success on the merits of its challenge to one of the provisions at issue but not the other;[1] (2) that plaintiff will suffer irreparable harm unless the implementation of the unconstitutional provision

---

[1] The discussion of the merits in the remainder of this order sets forth the basis for this conclusion. The discussion is set forth solely for purposes of this ruling on the motion for preliminary injunction; conclusions may be subject to revision in any final adjudication of the merits.

is enjoined pending further proceedings; (3) that the balance of equities favors issuance of a preliminary injunction; and (4) that the public interest favors issuance of a preliminary injunction. I issue a preliminary injunction precluding enforcement of the unconstitutional provision.

## I

Plaintiff Florida Youth Conservation Corps, Inc. is a not for profit corporation whose business consists primarily of entering contracts with the State of Florida Department of Transportation as part of the youth work experience program established by Florida Statutes § 334.351. Under that program, the Department awards contracts for highway maintenance to public agencies and nonprofit organizations who in turn hire young men and women to perform the necessary labor; the intent of the program apparently is to afford disadvantaged or at risk young (up to age 25) men and women a path into the mainstream economy. The contracts typically run no longer than one year, may be renewed for additional terms not exceeding one year at a time, and are terminable at will on 30 days' notice.

After a series of unfavorable newspaper stories critical of plaintiff's performance of its contracts, the Florida legislature passed, and the Governor signed, a statute with two new limitations on the Department's expenditure of appropriated funds for the youth work experience program. The first was a $600,000 cap on contracts with any one provider. The second prohibited any

payments to plaintiff by name.[2]  The effect of the first limitation, if enforced, would be to reduce dramatically the scope of plaintiff's business.  The effect of the second limitation, if enforced, would be to put plaintiff out of business, or at least to put plaintiff out of the business in which it has been engaged to date.  The legislative action came after committee hearings explicitly addressing the newspaper articles and without any suggestion of any purpose other than to end the Department's contracts with plaintiff.

In response to the legislation, the Department notified plaintiff that certain contracts expiring on June 30, 2006, would not be renewed.  The Department explicitly cancelled at least some work orders previously issued.  Had it not been for the legislative prohibition on contracting with plaintiff, these actions would not have been taken.

Some of plaintiff's job supervisors have resigned, believing plaintiff will soon be out of business.

## II

Plaintiff filed this action against the Secretary of the Department of Transportation in his official capacity.  Plaintiff moved for a preliminary

---

[2] The statute provided, "The department is prohibited from expending funds from any specific appropriation or from any other source for payments to the Florida Youth Conservation Corps or the Youth Development Corps to perform work on the state highway system.  The department shall not supplement these funds from any source in the absence of express legislative authority."  Youth Development Corps apparently is an entity related to plaintiff Florida Youth Conservation Corps, Inc.

injunction. Defendant responded. At an evidentiary hearing, both sides presented evidence. This order confirms the ruling announced at the conclusion of the hearing.

### III

The United States Constitution prohibits bills of attainder. *See* U.S. Const. Art. I § 9, cl. 3 & § 10, cl. 1. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986), *quoting Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841, 846-47 (1984), *quoting Nixon v. Administrator of General Services*, 433 U.S. 425, 468 (1977). Prohibited punishments include "barring designated individuals or groups from participation in specified employments or vocations." *Little*, 805 F.2d at 966, *quoting Nixon*, 433 U.S. at 474.

The Florida legislature's prohibition on payments to plaintiff plainly operates on an "identifiable individual"; indeed, it specifically applies to plaintiff by name, as well as to an apparently related entity; the statute applies to nobody else at all. And although the legislative enactment does not explicitly announce a finding of guilt on any specified charge, that is its obvious import; plaintiff has in effect been found guilty of an unspecified charge and, as its sentence, has been barred from state contracting of the type at issue. This is legislative action very

much akin to the enactments that prompted the framers to include in the Constitution a prohibition on bills of attainder.

The prohibition on contracts with plaintiff also violates the equal protection clause. The legislation sets forth no basis, rational or otherwise, for drawing a distinction between plaintiff and all other contractors, nor has defendant suggested a constitutionally adequate basis for the distinction.[3] To the contrary, the only apparent basis for this provision is the prohibited one — punishing plaintiff on unspecified charges.

## IV

The $600,000 cap does not, however, suffer from the same defect. There is a rational basis for a legislative cap on contracting with any one provider. Thus the legislature might think a public agency or nonprofit organization can pay close attention and perform better if the scope of its contracts is limited, or it might think it best to limit the scope of contracts with any one organization so that if the organization performs badly, the extent of the harm will be less. So long as the legislature imposes any such restriction not just on one provider but on all, the Constitution is not offended.

---

[3] Defendant says barring plaintiff from contracting could increase diversity, apparently meaning not racial or ethnic diversity but simply the number of contractors. Eliminating one contractor, the theory apparently goes, would open things up for others. But that does not explain why this one contractor, and no other, has been totally barred from contracting, nor is the theory easily squared with the separate (and simultaneously reenacted) legislative requirement that the Department give preference to existing contractors over new entrants.

Plaintiff notes, however, that it is the only contractor that has had youth work experience contracts in excess of $600,000, and that this provision thus burdens only plaintiff, nobody else. Even so, the legislative decision to limit contracts remains rational, and the class it creates — whether consisting of one member or 100 — passes muster under the equal protection clause. Though plaintiff's bill of attainder argument is stronger, I conclude, on this record and for purposes of this preliminary injunction ruling, that this provision neither singles out plaintiff improperly, nor does it punish.[4]

V

For these reasons,

IT IS ORDERED:

1. Plaintiff's motion for preliminary injunction (document 6) is GRANTED IN PART. Defendant Denver Stutler, in his official capacity as Secretary of the Florida Department of Transportation, and the Department's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise,

---

[4] I assume, for purposes of this order, that, as plaintiff strongly insists, the motivation of the sponsor of this legislation was indeed to punish plaintiff. This does not mean, however, that this was the motivation of a majority of legislators or of the Governor. Nothing on the face of the $600,000 cap suggests a purpose to punish rather than an adoption of the rational grounds for the provision set forth in the text of this order. Though nothing in the legislative history refers to those possible grounds, nothing shows any other basis for the votes of the majority, either.

shall not take any action to enforce, implement, or give any effect whatsoever to, the statute that provides,

> The department is prohibited from expending funds from any specific appropriation or from any other source for payments to the Florida Youth Conservation Corps or the Youth Development Corps to perform work on the state highway system.  The department shall not supplement these funds from any source in the absence of express legislative authority.

2.  This injunction is conditioned upon the filing by plaintiff of security in the amount of $10,000, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

SO ORDERED this 30th day of June, 2006, at 6:20 p.m.

s/Robert L. Hinkle
Chief United States District Judge